IN THE MATTER OF JOHN J. LEMKEN.

Superior Court of New Jersey
Law Division

Decided June 22, 1973.

482

*Mr. Ronald M. Slurtz* for John J. Lemken (*Messrs. Hannoch, Weisman, Stern & Besser,* attorneys).

*Mr. John J. Geronimo,* County Counsel, for Hudson County Board of Chosen Freeholders.

LARNER, A. J. S. C. John J. Lemken is the duly elected Surrogate of Hudson County. As the result of an indictment returned against him by the Hudson County grand jury, the Supreme Court entered an order on May 31, 1973 (amended on June 14, 1973) which "restrained and enjoined [him] from serving as Judge and Clerk of the Surrogate's Court of Hudson County and as Clerk of the Probate Division of the Hudson County Court pending the disposition of the indictment."

Thereafter, Lemken applied to the Supreme Court for clarification of the order, seeking permission to perform certain functions in the surrogate's office which he asserted were beyond the ambit of the aforesaid restraining order. The Supreme Court denied the application without passing upon the merits of the same and without prejudice to an application to the assignment judge for the presentation of proofs with respect to items which the applicant asserts to be beyond the scope of the Supreme Court's restraining order.

Accordingly, application was made to me as assignment judge of Hudson County, pursuant to which a hearing was

held at which the surrogate and the county were represented by counsel and proofs were offered in support of the application.

· The surrogate contends that there are a group of functions performed by him as an elected constitutional officer which are not encompassed within his functions as "Judge and Clerk of the Surrogate's Court and as Clerk of the Probate Division of the Hudson County Court," and therefore beyond the reach of the imposed restraints. He argues, furthermore, that the Supreme Court did not remove or suspend him as surrogate because such an act would have been beyond the power of the court, citing *In re Mattera,* 34 *N. J.* 259, 268 (1961), and that the recent statute authorizing the Supreme Court to suspend or remove a judge does not include a surrogate within its specific terms. *N. J. S. A.* 2A:1B-1 *et seq.*

The question whether the Supreme Court has the power to suspend a surrogate is not before me for decision, nor am I called upon in this proceeding to consider the power of the Supreme Court to issue the restraints involved. That underlying legal problem has been argued and determined by the Supreme Court adversely to the applicant by virtue of the assumption of jurisdiction and the entry of the restraining order.

It is within the foregoing framework that I must determine the limited issue whether there are any residual functions of a surrogate which may be continued by the applicant without violating the order of the Supreme Court.

In the testimony before me Lemken advanced the suggestion that he should be permitted to perform the following functions as beyond the reach of the restraint:

1. Preparation of the budget for the surrogate's office.
2. Review and certification of payrolls.
3. Supervision of ordering and purchasing of office materials and supplies.
4. Supervision of the filing, recording and storage of records.
5. Supervision of the Cashier's Department.
6. Supervision of the financial reports and records required to be submitted to the county treasurer.

In support of this thesis there was testimony as to the duties and functions of the employees who constitute the supportive personnel for the performance of the proposed activities of the applicant.

The evidence before me is supportive of the conclusion that the contemplated activities involve the administration of the surrogate's office and its personnel rather than the purely judicial functions of a surrogate. This conclusion, however, does not necessarily lead to the determination that such activities are permissible under the restraining order.

*N. J. S. A.* 2A:5–1 defines the authority of the surrogate in the following manner: "He shall hold the surrogate's court of the county and shall be both the judge and clerk thereof."

In addition, *N. J. S. A.* 2A:3–2 designates the surrogate as the clerk of the Probate Division of the County Court.

The jurisdiction of the surrogate or the surrogate's court is limited to matters which are not in dispute or in doubt (*N. J. S. A.* 3A:2–5, 3A:2–3) ; and when a doubt or dispute does exist with regard to any matter before the surrogate, he loses jurisdiction and the issues are determined by the County Court. *Ibid.*

When the Legislature refers to the surrogate as a judge of the surrogate's court, it contemplates that at least the functions performed by the surrogate and his employees relating to the probate of wills and appointment of administrators, executors and guardians are part and parcel of the judicial function, although the issues are undisputed in nature. *Steele v. Queen,* 67 *N. J. L.* 99 (Sup. Ct. 1901) ; *Mellor v. Kaighn,* 89 *N. J. L.* 543 (E. & A. 1916). The surrogate's court is a court of limited or special jurisdiction whose judgments within that jurisdiction are final unless reversed by the process of appeal. *Ibid.*

As has been noted, however, the surrogate serves not only as a judge of his court, but also in two other capacities, namely as clerk of his own court and as clerk of the Probate Division of the County Court. These two additional responsibilities are an integral part of the functioning of the

surrogate's court and the Probate Division of the County Court, for no judge can properly or efficiently perform his duties without supportive personnel, particularly in the area of clerks who schedule and record the proceedings which take place in court and the judicial determinations made therein, and file the necessary papers involved in each proceeding.

Applying this truism to the supervision of filing, recording and storage of surrogate's records, it follows that such activity is within the portion of the order restraining the applicant from serving as clerk of the surrogate's court and as clerk of the Probate Division of the County Court. The functions of a clerk in either capacity are inseparable from the filing and recording activities of the office or the supervision of those who physically carry on those activities. Every estate file or docket encompasses a case in the surrogate's court or the county court, and as a consequence every paper or pleading or account or order or release or bond filed therein or recorded in the permanent volumes of the office are within the functions inhibited by the restraining order.

The other proposed activities listed by the applicant deal in essence with the management of the office of the surrogate's court along the lines of procurement of supplies, budgets, payrolls and finances. The suggestion that these activities are beyond the scope of the restraining order presupposes that they are foreign to the duties and functions of a judge and clerk who is elected in that dual capacity as the chief and only judicial officer administrator of the surrogate's court.

Such a supposition fails to take into account the powers and responsibilities of a public officer who is in complete control of the operations of his court by virtue of his designation as judge and clerk of that court. As the sole executive officer he must of necessity deal not only with purely judicial functions but also with all the administrative problems involved in the maintenance and functioning of the court and the office. A judge in full control of a court can-

not function without budgets, without funds, or without management of personnel and payrolls. Such judge cannot serve in limbo; he is sustained by these supportive activities. Without them he is unable to serve the public in the capacity to which he was elected. Although the particular duties may be carried out by subordinates, nevertheless the surrogate, as the judge and clerk of his court, has the responsibility to supervise and see to it that such supportive activities are accomplished.

In reality, a judge of the surrogate's court is as much a judge in supervising budgets, finances and personnel pertaining to his office as he is in supervising the probate clerks who are deputized to handle probate and estate matters. There can be no differentiation between one group of functions and another for they all merge into the single individual who manages and supervises all the activities of the office through his dual capacity of judge and clerk.

The evidence before me and the applicable law leads to the inescapable conclusion that there are no residual functions or activities of the surrogate which are not encompassed within the framework of the restraints contained in the order of the Supreme Court. The order enjoins him from serving as judge and clerk of the surrogate's court and as clerk of the Probate Division of the Hudson County Court. I find that all the duties of the surrogate including those listed in the application are within the ambit of this broad restraint. Hence the application is denied.