IN THE MATTER OF THE ESTATE OF
PAUL REICH, DECEASED.

Superior Court of New Jersey
Appellate Division

Submitted April 19, 1977—Decided May 19, 1977.

Before Judges LYNCH, MILMED and ANTELL.

*Mr. William F. Hyland,* Attorney General, attorney for appellant State of New Jersey (*Ms. Erminie L. Conley,* Deputy Attorney General, of counsel; *Mr. Robert P. Krenkowitz,* Deputy Attorney General, on the brief).

*Messrs. Feehan & Feehan,* attorneys for administratrix (*Mr. Peter R. Feehan* on the brief).

PER CURIAM. The State of New Jersey appeals from an order of the Bergen County Court, Probate Division, granting letters of administration of the estate of Paul Reich to respondent Dorothy Blummer. Decedent, a resident of Bergen County, had no next of kin. Respondent is a creditor who paid funeral expenses and doctor bills in the amount of $3,500. The estate, consisting of personal property only, was worth $9,200.

The State contends that since the Escheat Act, *N. J. S. A.* 2A:37-11 *et seq.,* sets forth a detailed and comprehensive scheme for an escheat proceeding in the Superior Court, including the giving of notice to creditors, an estate subject to escheat should not be administered. The State contends that the Escheat Act should control over *N. J. S. A.* 3A:6-4 which provides that letters of administration may be granted to any fit person applying therefor if an intestate leaves no spouse or next of kin or if his next of kin fails to claim the administration within 40 days after the death.

The State's contention is without merit. The Escheat Act itself, *N. J. S. A.* 2A:37-12, clearly contemplates administration of an estate subject to escheat, since it provides for notice to the Attorney General of application for the appointment of an administrator in such a case. If the Legislature had intended to preclude administration of such estate, it would have so specified.

The State contends that administration of the estate in the County Court, simultaneously with an escheat proceed-

ing in the Superior Court, would result in "unnecessary judicial duplication." However, an administratrix may settle her account in the Superior Court, rather than the County Court, "in special circumstances." *R.* 4:86–1. Thus, the action for the settlement of the account can be removed from the County Court to the Superior Court and consolidated with the escheat action pursuant to *R.* 4:3–4 and *R.* 4:38–1(b).

In addition, we note that in an escheat proceeding notice must be posted in the State Capitol and in a Mercer County newspaper, *N. J. S. A.* 2A:37–18, and any creditor must appear at the hearing to substantiate his claim. *N. J. S. A.* 2A:37–19(f). On the other hand, when an estate is administered, notice of the settlement must be published in a newspaper of the county in which the action is brought or the venue is laid. *R.* 4:87–3(b). Thus, any creditors of the estate in Bergen County, where the decedent resided, would be more likely to be notified if the estate is administered there.

We need not consider the State's second contention that if administration of the estate is in order the State or its nominee should be appointed over the respondent, a mere creditor. This demand was not fully asserted below, and the trial judge made no decision on this issue.

Affirmed.