**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0592-23

ELEANOR BRODSKY,

    Plaintiff-Appellant,

v.

ESTATE OF PHILIP
GOODMAN, DEC'D, DAVID
GOODMAN, EXECUTOR,
DAVID GOODMAN, MICHELE
GOLDBERG, AND ANDREA
GILDAR,

    Defendants-Respondents.

_____

Submitted February 27, 2025 – Decided April 7, 2025

Before Judges Walcott-Henderson and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-1535-23.

Sirlin Lesser & Benson, PC, attorneys for appellant (Adam Nachmani, of counsel and on the briefs).

Kulzer & DiPadova, PA, attorneys for respondents (Solaris A. Power, on the brief).

PER CURIAM

In this estate matter, plaintiff appeals from the entry of two Law Division orders entered on September 22, 2023, denying plaintiff's motion for a change of venue, granting defendants' motion to dismiss plaintiff's complaint without prejudice, and directing plaintiff to refile her complaint in the Chancery Division, Probate Part. Having reviewed the record and pertinent law, we affirm.

I.

Decedent Philip Goodman died on January 9, 2023. Defendants David Goodman, Michele Goldberg, and Andrea Gildar are his heirs. David,[1] Philip's son, is also the executor of Philip's estate.

Plaintiff Eleanor Brodsky married Philip on May 11, 2007. Prior to their marriage, plaintiff and Philip entered into a Prenuptial Agreement on February 21, 2007, providing each party would retain their individual assets, notwithstanding an annuity contract with MetLife Securities which was to be for the benefit of Eleanor if she survived Philip. The agreement expressly stated, "PHILIP GOODMAN has designated his Annuity Contract with MetLife

---

[1] Because Philip and David share the same surname, we refer to them by their first names for clarity, intending no disrespect.

A-0592-23

Securities . . . to and/or for the benefit of ELEANOR BRODSKY if ELEANOR BRODSKY survives PHILIP GOODMAN'S death."   Plaintiff and Philip acquired a second annuity contract with MetLife in 2008.  Upon Philip's death, plaintiff discovered both annuities were missing and ascertained they had been transferred or liquidated into accounts benefiting Philip's heirs several years prior to his death.

On May 26, 2023, plaintiff filed a complaint in the Law Division alleging breach of contract, conversion, fraud, and civil conspiracy, seeking punitive damages for "[d]efendants' intentional, egregious and outrageous conduct in unlawfully and fraudulently conspiring to and actually converting the interest of [p]laintiff in the [a]nnuities and to discourage [d]efendants from engaging in similar unlawful conduct in the future."  On July 3, 2023, defendants moved to dismiss plaintiff's complaint for lack of subject matter jurisdiction.  On July 28, 2023, while the motion to dismiss was pending, a Chancery judge entered an order transferring plaintiff's complaint from the Law Division to the Chancery Division.  On September 1, 2023, plaintiff filled a motion for change of venue to Burlington County.

On September 22, 2023, a Law Division judge held oral argument on defendants' motion to dismiss and plaintiff's motion for a change of venue.  At

3

the beginning of the hearing, the court addressed the apparent confusion involving the transfer of plaintiff's complaint to the Chancery Division. The Law Division judge explained he was initially assigned this matter and questioned whether it should be transferred to the Chancery Division because it presented both equitable and legal questions. The judge further explained he had spoken with a Chancery judge about the matter, without showing her the file, and the Chancery judge agreed the matter should be transferred, but subsequently had a family emergency, resulting in her absence for several days. The Law Division judge stated, "[d]uring that time, I don't know how or why this order [to transfer] was signed because I didn't ask her to do it." The Chancery judge subsequently vacated the transfer order due to a conflict of interest with defendants' counsel.

On the motion for a change of venue, plaintiff argued "[she is] very concerned that they are not going to get a fair trial when it's bounced around to numerous [j]udges, there's anomalies on the record, and now we find out that the [j]udge that entered one of the orders in favor of the . . . movant was conflicted out."

Defendants maintained if the motion to change venue were denied, the matter would not be assigned to the judge who previously entered the transfer

4

order, so "a substantial doubt regarding a fair trial is not at issue here." Defendants argued "[w]hile [we] think it's an unfortunate error, it is just an error and it doesn't imply that the [p]residing [j]udge of Chancery even saw the pleadings or had knowledge or information."

Addressing the motion to dismiss the complaint for lack of subject matter jurisdiction, defendants argued "the Law Division does not have subject matter jurisdiction over the estate and the administration and beneficiary litigation. To bifurcate the case would create an additional amount of work . . . ."

In response, plaintiff argued her claims do not relate to settlement of the estate, instead they are independent breach of contract, conversion, fraud, and civil conspiracy claims, and the Law Division has subject matter jurisdiction pursuant to Rule 4:3-1.

The Law Division judge held these matters should be heard in the Probate Part pursuant to Rule 4:3-1. In his oral decision,[2] the judge noted it is "clear" to him "the allegations are transferring Philip's assets improperly," and what

---

[2] At the conclusion of the Law Division judge's oral decision, he stated, "I will have the matter transferred to the Equity Court," however, his order dismissed plaintiff's complaint and "directed [her] to file in Chancery Division, [P]robate [P]art." "[W]e review orders and not opinions." Brown v. Brown, 470 N.J. Super. 457, 463 (App. Div. 2022) (citing Hayes v. Delamotte, 231 N.J. 373, 387 (2018)).

A-0592-23

plaintiff is attacking are "the actions of Philip's heirs about how they handled this money and where the additional monies are." The Law Division judge denied plaintiff's motion to change venue, dismissed plaintiff's complaint, and directed plaintiff to refile the complaint in the Chancery Division, Probate Part. This appeal followed.

## II.

We apply a de novo standard of review to trial court orders dismissing a complaint for lack of subject matter of jurisdiction under Rule 4:6-2(a). Santiago v. N.Y. & N.J. Port. Auth., 429 N.J. Super. 150, 156 (App. Div. 2012). Under the Rule, we owe no deference to the motion judge's conclusions. Rezem Fam. Assocs., LP v. Borough of Millstone, 423 N.J. Super. 103, 114 (App. Div. 2011).

Rule 4:3-1(a)(2) provides, in pertinent part, actions pursuant to Rule 4:83-1 to -5 shall be filed and heard in the Chancery Division, Probate Part. Rule 4:83-2 provides "[i]n all matters relating to estates of decedents, trusts, guardianships and custodianships . . . all papers shall be filed with the Surrogate of the county of venue."

An uncontested, straightforward will may be admitted to probate through the Surrogate's Court, however, "if there is a dispute about the will . . . or if a

6

caveat has been lodged against the will offered or expected to be offered for probate . . . the issues must instead be resolved through proceedings in the Superior Court, Chancery Division, Probate Part." In re Estate of Stockdale, 196 N.J. 275, 301-02 (2008) (citations omitted); see also R. 4:83-1, -4; In re Estate of Watson, 35 N.J. 402, 409 (1961); In re Estate of Somoza, 186 N.J. Super. 102, 105-06 (Ch. Div. 1982) (settling dispute over which court has jurisdiction in administration proceeding).

We review the court's denial of plaintiff's motion for change of venue for abuse of discretion. State v. Nelson, 173 N.J. 417, 476-77 (2002). The Assignment Judge may order a change of venue "if there is a substantial doubt that a fair and impartial trial can be had in the county where venue is laid." R. 4:3-3(a)(2). The movant bears the burden of demonstrating good cause for the change. Pressler & Verniero, Current N.J. Court Rules, cmt. on R. 4:3-3 (2022); see Barlyn v. Dow, 436 N.J. Super. 161, 185 (App. Div. 2014). A change of venue is warranted when there is "clear and convincing proof that a fair and impartial trial cannot be had" in a venue. State v. Koedatich, 112 N.J. 225, 267 (1988).

On appeal, plaintiff argues the trial court erred in granting defendants' motion to dismiss and directing plaintiff to refile her complaint in the Chancery

7

Division because her claims are properly in the Law Division and defendants did not support their motion to dismiss with competent or sufficient evidence. Plaintiff also argued the denial of her motion to change venue was an abuse of discretion.

We affirm substantially for the reasons expressed by the court in its oral opinion. We provide the following additional comments to amplify our decision.

Pursuant to Rule 4:3-1(a)(2), the proper venue for plaintiff's complaint is the Chancery Division, Probate Part. The Law Division judge addressed plaintiff's arguments concerning the prior transfer of her complaint, including the admittedly "circular situation," in reference to the transfer of plaintiff's complaint to and from the Law Division to the Chancery Division. The judge explained the Chancery judge entered an order transferring the matter to the Chancery Division only to discover she had a conflict of interest with defendants' counsel and, thereafter, vacated the same order.

The Law Division judge found "nothing untoward" and concluded the Chancery judge recognized she could not handle the matter and "there is no risk of any injustice or harm in this matter." Importantly, the Law Division judge concluded the complaint alleged "estate issues which are subject to the

8

jurisdiction of the Equity or Chancery Court," and "will resolve . . . what happened after Philip died, the administration of his estate . . . , including the annuity that [plaintiff] . . . claims" she is entitled to under the prenuptial agreement. The Law Division judge thoroughly explained his reasoning in his oral decision, and we observe no basis to disturb his findings and conclusion.

We similarly reject plaintiff's argument the court abused its discretion by denying her motion to change venue based on "anomalies" in the court's handling of her complaint. On this record, plaintiff has not advanced any meritorious basis for her argument a change of venue is warranted. R. 4:3-3(a)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

9